PEOPLE *v.* MAXFIELD.

CRIMINAL LAW—EVIDENCE—CONFESSIONS—INSTRUCTIONS.
  Where respondent denies making certain confessions relied upon for conviction, and states that such admissions as were made were made under the influence of threats and promises, it is error for the court to charge that conviction may be based upon the confessions without instruction that the voluntary character of the confessions must first be determined.

Exceptions before judgment from Genesee; Wisner, J. Submitted June 14, 1906.   (Docket No. 98.)   Decided October 1, 1906.

Linus D. Maxfield and Lorinda Maxfield were convicted of keeping a house of ill fame.   Reversed.

*Johnson & Landon* (*Lee & Parker*, of counsel), for appellants.

*John E. Bird*, Attorney General, and *Horace P. Martin*, Prosecuting Attorney, for the people.

BLAIR, J.   Respondents, who are husband and wife, were convicted of keeping a house of ill fame, resorted to for purposes of prostitution and lewdness.   The principal evidence in the record justifying a conviction consisted of testimony of statements by respondents admitting the offense.   Counsel for respondents objected to the reception of the statements in evidence, on the ground that they were made under duress.   The prosecution put in evidence tending to show the voluntary character of the statements and they were received.   Respondents denied making the admissions at all, and respondent Lorinda Maxfield testified that she was nervous and scared and that the chief of police threatened "if I didn't tell such and such things they would take me to the house of correction or to the workhouse."   As to the statements, she testified : "If I made any, it was through fear.   I didn't know what I said."   Respondent Linus Maxfield testified, upon this subject, as follows :

"*Q*. Were they cross-examining your daughter at the same time in another part of the building ?

"*A*. I think they were from what they told me afterwards.

"*Q*. Did they come and bring you one kind of a story and tell you it wasn't any use to lie about it—things of that kind ?

"*A*. Yes, sir.

"*Q*. What did they promise to do for you, if you owned up anything ?

"*A*. Yes, sir.

"*Mr. Martin:* Are you testifying, Mr. Parker ?

"*Q*. What ?

"*A*. They said there wouldn't be anything done about it if I would own it up.

"*Q*. What ?

"*A*. They said that would be about all there would be to it or wouldn't be anything serious.

"*Q.* Own up to what—something you hadn't done ?
"*A.* Yes, sir.
"*Q.* Was it on account of those promises you made the statement you did ?
"*A.* Yes, sir."

No written requests to charge were submitted by either party, and the circuit judge charged the jury, upon the subject of the alleged admissions, as follows:

"Now, one may be convicted of an offense under their acknowledgement of the commission of it, and if you should find that they have committed this offense even by their acknowledgment, if you believe the testimony of Mr. Rust and of those people who claim they made these acknowledgments to them (you will remember what the testimony was) and you should find that it is corroborated by other circumstances testified to here that you find to be the truth then you would be warranted in convicting; but if you have any reasonable doubt of the commission of the offense by these respondents, then you must give them the benefit of it and acquit them.    That is all I desire to say to you gentlemen."

The legal accuracy of this portion of the charge, which constitutes the whole charge upon the subject, is challenged by respondents' twelfth assignment of error.    We think the charge was erroneous.    It rests the right to convict upon proof of the making of the acknowledgment, regardless of whether the acknowledgment was voluntary, or made under threats and promises of favor.    The jury should have been instructed that it was their duty to first determine whether the statements were made voluntarily or under threats or promises.    *People* v. *Howes*, 81 Mich. 396; *Wilson* v. *United States*, 162 U. S. 613.

We do not think the other assignments of error are well founded.

The conviction is set aside, and a new trial granted.

GRANT, MONTGOMERY, OSTRANDER, and MOORE, JJ., concurred.