## RÍOS ET AL. *v.* RÍOS.

### APPEAL from the District Court of Humacao.

No. 384.—Decided May 19, 1909.

SPECIAL ORDER MADE AFTER A FINAL JUDGMENT.—There can be no special order without the judgment being clearly final.

ID.—In order to constitute such a special order the matter complained of must not be of such nature that it can be reviewed by an appeal from the judgment itself.

APPEAL—CERTIORARI.—In several cases this court has granted a writ of *certiorari* annulling the proceedings of a court where an appeal would eventually lie.

APPROVAL OF THE STATEMENT OF THE CASE—APPEALABLE ORDERS.—An order refusing to approve the statement of the case for the purpose of a motion for a new trial is a special order made after a final judgment, and it is a special order in the sense that any error therein cannot be corrected by an appeal from the judgment itself, it being therefore unappealable.

EXCLUSIVE REMEDY—APPROVAL OF THE STATEMENT OF THE CASE BY THE SUPREME COURT.—Although, under the authority given it by section 219 of the Code of Civil Procedure and rule 64, the Supreme Court has a right to settle a bill of exceptions or a statement of the case, this remedy is not exclusive, nor does it prevent the prejudiced party from choosing to make use of the remedy of appeal from the order of the lower court refusing to approve the statement of the case.

NEW TRIAL—STATEMENT OF THE CASE—SPECIFICATION OF INSUFFICIENCY OF THE EVIDENCE—ERRORS OF LAW.—When the motion for a new trial is made on the ground of the insufficiency of the evidence, it is necessary to specify the particulars in which the insufficiency of the evidence is alleged to consist, and where the statement of the case does not contain this specification the trial judge acts under the law in refusing the approval of such statement of the case.

FORAKER ACT—CONSTRUCTION OF THE LAW—SECTION 33.—The words "said courts," in section 33 of the Organic Act, apply to all the courts named before, confirming thereby the authority of the Legislature to legislate with respect to the jurisdiction of district courts and the Supreme Court.

The facts are stated in the opinion.

*Mr. Vías Ochoteco* for appellant.

*Mr. Díaz Navárro* for respondent.

MR. JUSTICE WOLF delivered the opinion of the court.

María Ríos, the appellant in this case, presented a statement of the case to the Judge of the District Court of Humacao to support a motion for a new trial. One of the grounds

of the motion for a new trial was the insufficiency of the evidence to justify the judgment. The judge of the district court refused to approve the statement of the case because such statement did not specify the particulars in which the evidence was alleged to be insufficient, such specifications being required by paragraph three of section 223 of the Code of Civil Procedure.

The question first presented to us for decision is whether such an order is appealable. Section 295 of the Code of Civil Procedure makes the subject of appeal "any special order made after final judgment." Our inquiries must, therefore, be directed to whether an order refusing to approve a statement of the case is such a special order. We have decided that there can be no special order without the judgment being clearly final. We have likewise decided that in order to constitute such a special order the matter complained of must not be of such a nature that it can be reviewed by an appeal from the judgment itself. (See *José Martínez* v. *José Pilar*, 3d Dec. of P. R., 135; *Sucesión María Díaz* v. *José Avalo*, 2d Dec. of P. R., 637.)

The order made by the judge of the District Court of Humacao was an order dictated after a final judgment and was a special order in the sense that any error therein would not be covered or could not be corrected by an appeal from the judgment itself. It was suggested in the argument, however, that the direct way to obtain a review of the alleged error was by virtue of rule 64 of this court. That rule was made by this court under the authority given to it by section 219 of the Code of Civil Procedure. There can be no doubt that under section 219 and by virtue of rule 64, the Supreme Court has a right to settle a bill of exceptions, or a statement of the case, and the question that arises is whether the remedy provided by that section is exclusive. Whenever a case of *mandamus, certiorari,* or other extraordinary remedy is presented to a court, one of the first matters that arises is whether there is a remedy by appeal, and such extraordinary remedy is fre-

quently denied where a remedy by appeal is adequate. In other words, an appeal is considered the natural indispensable method of reviewing errors of inferior courts. It would not follow that because a review may be had by *mandamus,* injunction or *certiorari,* that a party may not avail himself of the remedy by appeal. We have, in several cases, granted a writ of *certiorari* annulling the proceedings of a court where an appeal would eventually lie. (See especially the case of *Laura Nuñez* v. *Isidoro Soto Nussa,* decided on the 20th of March, 1908.) If the parties in that case had chosen to rely on an appeal, the fact that there was a remedy by *certiorari* would not have prevented such an appeal. The plain wording of section 295 is that a party may appeal from *any* special order, and the fact that he has another remedy that is possibly speedier or more adequate does ont prevent him from pursuing the slower course.

Section 653 of the Code of Civil Procedure of California contains the same provisions as section 219 of our Code of Civil Procedure. In *Clark* v. *Crane,* 57 Cal., 629, a case decided since the enactment of such section, the Supreme Court of California had occasion to pass upon substantially the identical question here involved. That was a case of *mandamus,* and the remedy by *mandamus* was dependent upon the question of whether there was a right to an appeal. The order attempted to be reached was likewise one involving a refusal to settle a bill of exceptions. The court refused to grant the *mandamus* because its award would not avail the petitioner, the court below having lost jurisdiction of the case and they were unwilling to put him to any further trouble or expense. The court, however, made it clear that an appeal did lie. The court also cited and reviewed earlier cases in California where an order granting motions to strike statements from the file were declared to be special orders after a final judgment. Hence we conclude, following the California decisions, that the appellant had a remedy by appeal.

Going to the merits of the appeal we think the judge below was entirely right in refusing to settle the statement of the case, as it did not comply with paragraph three of section 223 of the Code of Civil Procedure. It is urged that there is a difference between the motion for a new trial on the ground of the "insufficiency of the evidence to justify the judgment". and "when the ground of the motion designates errors in law," and that paragraph three in saying that a statement shall be disregarded "if no such specifications be made" refers only to the case where the ground for the motion was error in law, because this ground for a motion for a new trial immediately preceded the words "no such specifications." We think it was the plain intent of the section to make the word "specifications" apply to both grounds for the motion for a new trial. We have decided in the cases of *Dones* v. *Urrutia, Municipality of Ponce* v. *Roman Catholic Apostolic Church in Porto Rico,* and in *Kent* v. *Porto Rico,* that the words "said courts" in section 33 of the Organic Act apply to all the courts named before, confirming thereby the authority of the Legislature to legislate with respect to the jurisdiction of district courts and the Supreme Court; and the judgment of this court in each case has been approved by the Supreme Court of the United States. (*Dones* v. *Urrutia,* 202 U. S., 614; *Ponce* v. *Roman Catholic Church,* U. S., 210, 296; *Kent* v. *Porto Rico,* 207 U. S., 113.)

It is also urged that the appellant should have been allowed an opportunity to amend the statement. The record does not show that he made any offer to do so. A judge is not bound to suggest an amendment. The court, however, refused to dismiss the motion for a new trial and, instead of appealing, the appellant might have asked leave to amend. There was also a suggestion that a court has no right to refuse to approve a bill of exceptions if it is otherwise correct, but that the statement may be disregarded when the motion for a new trial is itself considered. However, a court is not obliged to wait for the hearing of the motion for a new trial to refuse to

lend its approval to a statement of the case which fails to comply with the law, as the statement of the petitioner clearly did.

The order appealed from must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary and del Toro concurred.

Mr. Justice Figueras took no part in the decision of this case.