PEOPLE, PLAINTIFF AND APPELLEE, *v.* RIVERA, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Mayagüez in a Prosecution for Grand Larceny.

No. 1767.—Decided March 20, 1922.

CONFESSION—INSTRUCTION TO JURY.—When there is a substantial conflict in the evidence, while the voluntary character of a confession must first be decided by the court, the question of whether such a confession was voluntary or not should be left to the jury, especially if an instruction on the point is requested. Without such a request the court may silently leave the question of voluntariness to the jury.

The facts are stated in the opinion.

*Mr. F. Otero Rivera* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

As the appellant has not filed the assignment of errors required by Rules 42 and 43 of this court, we do not feel bound to notice any error that we do not consider fundamental. In the record, however, it appears that a confession was offered in evidence and the court determined that it was voluntarily made. Subsequently the defendant took the stand and testified in effect that he made the confession because he was beaten by the police and was told that if he did not tell the truth he would be killed. This statement, whether credible or not, created a conflict in the evidence. The court instructed the jury as follows:

"Larceny is the felonious stealing of the personal property of another.

"Felonious stealing means with the intention of profiting thereby. It is grand larceny when the property is taken from the person of another.

"The defendant is here charged with having stolen from the prosecuting witness, Luis Vargas, a certain amount of money. If it is true that the defendant put his hand into the pocket of Luis Vargas and in that way took the sum of fifty dollars, or any sum of money, than he committed the crime of grand larceny.

"The defendant is a competent witness to testify in his own behalf. You must weigh his testimony like the testimony of any other witness.

"The defendant is considered innocent until his guilt is established beyond a reasonable doubt, and in case of any reasonable doubt of his guilt, the jury must give him the benefit of the doubt and acquit him.

"Gentlemen of the jury, the parties herein have raised a question which is not within the province of the jury to decide. That is, the manner in which the defendant confessed his guilt while in the police headquarters.

"A confession by an accused person must always be voluntary and free, or it is not admissible in evidence; but the court must decide whether or not the confession is voluntary and free, and when the confession is admitted by the court on the assumption that it was voluntarily and freely made, then that question is definitely decided for the purposes of this action.

"The matter is not within the province of the jury. You have that evidence whose legality has been upheld by the court. It is before you and you are not called upon to decide whether or not it was properly admitted. You only consider that evidence. If you really believe that the defendant made that statement, or the confession as stated by the policeman Torres and the Justice of the Peace of Hormigueros, then that is properly a matter upon which you may decide. You may believe the testimony of the witnesses or not, if you have any reason to doubt their veracity, but it does not devolve upon you to decide whether or not the confession was voluntarily and freely made."

While it is true that in the case of *People* v. *Kent,* 10 P. R. R. 325, this court in its majority opinion did say, or substantially said, that there was nothing to submit to the jury because the confession was shown to be voluntary and so decided by the court below, yet the fact was that in that case the question of voluntariness *vel non* was submitted to the jury by the trial judge. That this was a proper and perhaps a necessary practice when there was a conflict in the testimony, was established by the Supreme Court of the United States in reviewing the *Kent Case.* *Kent* v. *Porto Rico,* 207 U. S. 116, 118, citing *Wilson* v. *United States,* 162 U. S. 613. The Supreme Court of the United States left open the question of whether the voluntary character of a confession might not always be inquired by a jury. Also the majority opinion of this court in the *Kent Case, supra,* says:

"It has been suggested that in cases of this kind it is proper for the trial judge in his charge or instructions to the jury to submit the confession to them accompanied by the evidence that is taken in regard to the circumstances under which it was made; and to let them decide whether it was voluntary or made under the influence of fear, threats, or promises of inmunity or assistance, or other improper motives. This is the practice in some States, and where there is any doubt about the confession being the voluntary act of the accused, made freely by him without any undue influence, it would be proper to take such a course. This practice was ap-

proved by Mr. Justice Shepard (now Chief Justice) in the case of Hardy v. The United States, decided by the Court of Appeals of the District of Columbia on the 11th of December, 1893 (3 Dist. Col. App. 35). Mr. Chief Justice Fuller, in the Wilson case, cited herein on another point, in delivering the opinion of the Supreme Court of the United States, on the 27th of April, 1896, in which he cites the Hardy case, took the same ground and announced:

" 'Where there is a conflict of evidence as to whether a confession is or is not voluntary, if the court decide that it is admissible, the question may be left to the jury with the direction that they should reject the confession if upon the whole evidence they are satisfied that it was not the voluntary act of the defendant. (162 U. S. 624.)'

"The trial court is always safe in taking this course, and should carefully observe it in doubtful cases. And, in the case at bar, the action of the court, in rehearing in the presence of the jury the evidence of the witnesses Dix, Harry, Dexter and Kent, as to the circumstances under which the confession was given, and in commenting on it, and in other expressions used in the charge, practically amounts to such instruction. But even if the judge had simply admitted the confession in evidence before the jury without any qualifying instructions, under the view which we take of the confession, it would not have been a material error.

"This confession in the case at bar when tested by the law and the facts presented in the numerous authorities quoted and cited appears to have been made without compulsion or undue promise or inducement, and to be entirely voluntary."

Mature consideration and the general current of authorities convince us that when there is a substantial conflict in the evidence, while the voluntary character of a confession must first be decided by the court, the question of whether such a confession was voluntary or not should be left to the jury. And especially is this true if an instruction on the point is asked. *Wilson* v. *United States, supra; State* v. *Wells,* 100 P. 681; *People* v. *Maxfield,* 146 Mich. 105; *Llorenz* v. *United States,* 24 App. D. C. 385; *Roesel* v. *State,* 41 Atl. 416; 1 R. C. L. 578; *Lindsay* v. *State,* 50 L. R. A. (N. S.), 1078, and elaborate note.

Without a request the court may silently leave the ques-

tion of voluntariness to the jury. The authorities and general consideration, however, convince us that the court has never a right wholly to exclude from the jury the question of whether the confession was or was not voluntary. Was the prisoner coerced or not? Was a wrong inducement held out to him? These questions embody facts on which a jury has a right to pass. Even if there is no conflict, the jury has a right to disbelieve a witness who says the confession was voluntary, and in that case the prosecution would be entitled to an instruction saying that unless the jury disbelieve the witness, they are bound to find that the confession was voluntarily made. The court has always a right to tell the jury, as a matter of law, that, the witnesses speaking the truth, the confession must be considered as voluntary. In the case before us the defendant took the stand and testified as to threats and compulsions and we feel bound to hold that the court erred when it told the jury that they had no right to consider whether the confession was voluntary or not.

The judgment must be reversed and the case sent back for a new trial.

*Reversed and remanded.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.