EL PUEBLO, DEMANDANTE Y APELADO, *v.* RIVERA, ACUSADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez
en causa por hurto mayor.

No. 1767.—Resuelto en marzo 20, 1922.

CONFESIÓN — INSTRUCCIÓN SOBRE ESPONTANEIDAD DE UNA CONFESIÓN. — Cuando
existe un conflicto sustancial en la prueba, si bien la naturaleza voluntaria
de una confesión debe ser resuelta primeramente por la corte, la cuestión de
si tal confesión fué o no voluntaria debe dejarse a la consideración del ju-
rado, especialmente si se solicita una instrucción sobre el particular. Sin
una petición la corte puede tácitamente dejar la cuestión de voluntariedad
a la consideración del jurado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. F. Otero Rivera.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.

Como el apelante no ha hecho la asignación de errores
exigida por las reglas 42 y 43 de esta corte, no nos sentimos
obligados a considerar ningún error que no estimemos fun-
damental. En los autos, sin embargo, aparece que fué pre-
sentada como prueba una confesión y la corte resolvió que
se hizo voluntariamente. Subsiguientemente el acusado fué
a la silla de testigos y declaró en efecto que hizo la confe-
sión por haber sido atropellado por la policía y porque se
le dijo que si no decía la verdad lo mataban. Esta mani-
festación, sea o no creíble, estableció un conflicto en la prueba.
La corte instruyó al jurado en la siguiente forma:

"El hurto es el acto de sustraer, con intención criminal, bienes
muebles o semovientes, pertenecientes a otra persona.

"Sustraer con intención criminal, quiere decir con intención de
lucrarse, y el hurto es de mayor cuantía cuando la propiedad es
sustraída de la persona.

"Aquí se acusa al acusado de haber hurtado una cantidad de
dinero del bolsillo del perjudicado Luis Vargas. Si es verdad que
el acusado metió la mano en el bolsillo de Luis Vargas y le sustrajo

cincuenta pesos o una cantidad cualquiera de dinero, en esa forma, entonces cometió el delito de hurto de mayor cuantía.

"El acusado es un testigo competente para declarar en su propio beneficio. Ustedes consideran su declaración como otra declaración de cualquier otro testigo.

"El acusado se considera inocente mientras no se pruebe su culpabilidad fuera de duda razonable y en caso de existir duda razonable de su culpabilidad, es el deber del jurado darle el beneficio de la duda y absolverlo.

"Aquí se ha planteado una cuestión, señores del jurado, por las partes, que no es de la incumbencia de ustedes resolver. Eso es, la forma en que confesó el hecho, si lo confesó el acusado en el cuartel de la policía.

"Toda confesión por parte de un acusado tiene que ser voluntaria y espontáneamente, o no es admisible en evidencia, pero es la corte que resuelve si esa confesión es voluntaria y espontánea o no, y una vez que la corte admite la confesión resolviendo que la confesión fué hecha espontáneamente, voluntariamente, entonces esa cuestión está resuelta definitivamente para los efectos de este juicio.

"Los señores del jurado no pueden entrar en ese terreno, ellos tienen esa evidencia que la corte ha resuelto, es evidencia legal, está ante ustedes y ustedes no han de resolver si está bien admitida o no, ustedes solamente consideran esa evidencia. Ustedes resuelven si ustedes creen que efectivamente el acusado hizo tal manifestación, tal confesión, declarada por el policía Torres y el Juez de Paz de Hormigueros, eso sí ustedes pueden resolverlo. Pueden creer lo que han declarado los testigos o no creerlo si tienen motivos justificados de dudar de la veracidad de los testigos, pero que esa confesión fué hecha voluntaria o espontáneamente, no es de la incumbencia de ustedes."

Aunque es cierto que en el caso de *El Pueblo* v. *Kent*, 10 D. P. R. 343, esta corte en la opinión de la mayoría manifestó, o dijo en sustancia, que nada había que someter al jurado por haberse demostrado que la confesión era voluntaria, y así había sido resuelto por la corte inferior, el hecho fué, sin embargo, que en ese caso la cuestión de voluntariedad *vel non* se sometió al jurado por el juez sentenciador. Que esta era la debida práctica, y tal vez la necesaria, cuando

existe conflicto en la prueba, quedó establecido por la Corte
Suprema de los Estados Unidos al revisar el caso de Kent.
Véase el caso de *Kent* v. *Porto Rico,* 207 U. S. 117, 118, donde
se cita el de *Wilson* v. *United States,* 162 U. S. 613. La Corte
Suprema de los Estados Unidos dejó sin resolver la cues-
tión de si la naturaleza voluntaria de una confesión no po-
dría ser siempre investigada por un jurado. También la
opinión de la mayoría de esta corte en el caso de Kent, *supra,*
se expresa en los siguientes términos:

"Se ha dicho que en casos de esta naturaleza, procede que el
juez sentenciador, al dar instrucciones al jurado, someta a éste, la
confesión, acompañada de la prueba practicada con respecto a las
circunstancias, bajo las cuales fué hecha, y deje que el jurado de-
cida si dicha confesión fué voluntaria, o si fué hecha bajo la in-
fluencia de miedo, amenazas o promesas de impunidad o protección,
u otros motivos ilegítimos. Esta es la práctica en algunos Estados,
y si existe alguna duda de que la confesión sea un acto voluntario
del acusado, y de que haya sido hecha por él, libremente y sin nin-
guna influencia indebida, procede seguir aquel. camino. Esta prác-
tica fué aprobada por el Juez Sr. Shepard (ahora Juez Presidente),
en la causa de *Hardy* v. *The United States,* fallada por la Corte
de Apelaciones del Distrito de Columbia en 11 de diciembre de 1893
(3 Dist. Col. App., 35). El Juez Presidente Fuller, al emitir en 27
de abril de 1896, el dictamen del Tribunal Supremo de los Estados
Unidos, en la causa de Wilson—que se ha citado en la presente con
motivo de otro punto—en cuyo dictamen citó la causa de Hardy,
usó el mismo fundamento, declarando que:

" ' Cuando exista contradicción de pruebas sobre si una confesión
es o no voluntaria, y si el tribunal resuelve que es admisible dicha
confesión, podrá dejarse la decisión de la cuestión al jurado, ins-
truyéndole a éste, que debe rechazar la confesión si, en vista de to-
das las pruebas, está convencido de que no ha sido un acto volun-
tario del acusado.' (162 U. S., 624.)

"El tribunal sentenciador está siempre a salvo al adoptar este
curso, y debe tener el cuidado de seguirlo en casos dudosos. Y en
la causa de que se trata, el proceder del tribunal, al examinar nue-
vamente y a presencia del jurado, los testigos Dix, Harry, Dexter
y Kent, con respecto a las circunstancias, bajo las cuales se hizo la

confesión; al comentar las declaraciones hechas por los mismos; y al usar otras expresiones (encaminadas al mismo fin) en las instrucciones que dió al jurado, equivale a tales instrucciones. Pero, aún cuando el juez hubiese simplemente admitido la confesión como prueba ante el jurado, sin dar a éste instrucciones explicativas de la misma, esto no hubiese sido un error esencial, según el criterio que tenemos con respecto a aquel documento.

"Examinada la confesión de que se trata en el presente caso a la luz de la ley y de los hechos expresados en las numerosas autoridades que hemos citado y transcrito, se ve que ha sido hecha sin coacción o promesa impropia o aliciente alguno, y que es completamente voluntaria."

La consideración juiciosa y la tendencia general de las autoridades nos convence de que cuando existe un conflicto sustancial en la prueba, si bien la naturaleza voluntaria de una confesión debe ser resuelta primeramente por la corte, la cuestión de si tal confesión fué o no voluntaria debe dejarse a la consideración del jurado. Y esto es especialmente así si se solicita una instrucción sobre el particular. Véanse los casos de *Wilson* v. *United States, supra; State* v. *Wells,* 100 P. 681; *People* v. *Maxfield,* 146 Mich. 105; *Llorenz* v. *United States,* 24 App. D. C. 385; *Roesel* v. *State,* 41 Atl. 416; 1 R. C. L. 578; *Lindsay* v. *State,* 50 L. R. A. (N. S.) 1078 y nota detallada.

Sin una petición la corte puede tácitamente dejar la cuestión de voluntariedad a la consideración del jurado. Las autoridades y la consideración general nos convencen, sin embargo, de que la corte nunca tiene derecho a excluir enteramente del jurado la cuestión de si fué o no voluntaria la confesión. ¿Fué o no coaccionado el acusado? ¿Se le hizo alguna promesa indebida? estas cuestiones encarnan hechos que un jurado tiene derecho a considerar. Aún cuando no haya conflicto, el jurado tiene derecho a no dar crédito a un testigo que dice que la confesión fué voluntaria, y en ese caso El Pueblo tendría derecho a una instrucción en la que se diga que a menos que el jurado no dé crédito a un testigo

dichos jurados están obligados a declarar que la confesión fué voluntariamente hecha. La corte siempre tiene el derecho a decir al jurado como cuestión legal, que diciendo la verdad los testigos la confesión debe ser considerada como voluntaria. En el caso ante nos el acusado fué a declarar y declaró sobre amenazas y coacciones, y nos sentimos obligados a resolver que la corte cometió error al decir al jurado que no tenía derecho a considerar el punto de si la confesión fué o no voluntaria.

La sentencia apelada debe revocarse y devolverse el caso para la celebración de un nuevo juicio.

*Revocada la sentencia apelada y ordenado un nuevo juicio.*

Jueces concurrentes: Sres. Presidente del Toro, y Asociados Aldrey y Hutchison.