## DIAZ CINTRON v. PEOPLE OF PORTO RICO.

Circuit Court of Appeals, First Circuit.
March 5, 1928.

No. 2142.

1. **Courts ⬢43—Legislature of Porto Rico held to have authority to abolish a district court and establish another in its place; "organize, modify, or rearrange" (Organic Act Porto Rico, § 40 [48 USCA § 861]).**

The power vested in the Legislature of Porto Rico by Organic Act March 2, 1917, § 40 (48 USCA § 861), to "organize, modify, or rearrange the courts and their jurisdiction and procedure," held to include authority to abolish a district court as then existing and to create another in its place, with an additional judge.

2. **Statutes ⬢251—Act of Porto Rico held to sufficiently express an emergency to authorize its being made effective on its approval (Organic Act Porto Rico, § 34 [48 USCA § 822 et seq.]).**

An act of the Legislature at Porto Rico, abolishing an existing district court and creating another in its place, provided: "It is hereby declared that this act is of an urgent nature and is imperatively necessary for the rapid and efficient administration of justice in the judicial district of Ponce. This act therefore shall take effect immediately after its approval." Held, that such provision sufficiently expressed an emergency, under Organic Act Porto Rico, March 2, 1917, § 34 (48 USCA § 822 et seq.).

Appeal from the Supreme Court of Porto Rico.

Criminal prosecution by the People of Porto Rico against Rafael Diaz Cintron. Defendant appeals from a judgment of the Supreme Court of Porto Rico, affirming a judgment of conviction of the district court. Affirmed.

Leopoldo Feliu and Francis H. Dexter, both of San Juan, Porto Rico, for appellant.

William Cattron Rigby, of Washington, D. C. (George C. Butte, Atty. Gen. of Porto Rico, of counsel), for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. This is an appeal from the judgment of the Supreme Court of Porto Rico, affirming the judgment of the insular court for the judicial district of Ponce, Porto Rico, finding the plaintiff in error, hereinafter called the defendant, guilty of the offense of "carrying prohibited weapons."

The defendant was formerly district judge of the insular district court of Ponce, which court was abolished by Act of the Legislature of Porto Rico approved September 16, 1925; entitled "an act to abolish the district

court for the judicial district of Ponce as at present organized, to create a new district court for the judicial district of Ponce, and for other purposes." Laws Porto Rico 1925, c. 106. This act contained the following declaration:

"This act is of an urgent nature and is imperatively necessary for the rapid and efficient administration of justice in the judicial district of Ponce. This act, therefore, shall take effect immediately after its approval." Section 8.

The court established by the act in place of the former court provided that two judges of the court should be appointed. They were appointed upon September 18, 1925, two days after the approval of the act, and took the oath of office.

The next day after the qualification of the new judges the defendant shot with a revolver a lawyer of Ponce upon one of its streets and he died a few days later. The defendant was arrested on a charge of "voluntary manslaughter," and was tried and acquitted by a jury on December 18, 1925. Upon the next day, December 19, 1925, he was rearrested upon the charge of "carrying prohibited weapons" in violation of an Act of the Legislature of Porto Rico approved January 25, 1924. The material portions of the act are:

"Section 1. That any person unlawfully carrying any arm or instrument with which bodily injury may be caused, shall be punished by imprisonment for a term of from one to six months. * * *

"Section 6. That arms may be lawfully carried by * * * 9. Judges and Fiscals." Acts Sp. Sess. 1924, No. 14.

The defendant was convicted in the insular district court and a sentence of three months in jail was imposed upon him, with the payment of costs. Upon appeal to the Supreme Court of Porto Rico the judgment of the district court was affirmed.

There are several assignments of error, but in his brief the defendant waives all except those set forth in the following statement:

"We limit ourselves to resting the right of plaintiff in error to the reversal of the judgment of the Supreme Court upon the unconstitutionality of Law 106 of September 16, 1925, (a) in attempting to abolish the then existing district court of Ponce and creating a new district court; and (b) in giving effect to the act immediately upon its adoption by reason of the emergency clause therein contained, thereby depriving plaintiff in error of the exemption accorded him

as a judge of a court by section 6, subd. 9, of the act of 1924, prohibiting the carrying of arms.

[1] The Organic Act for Porto Rico of March 2, 1917, 39 Stat. 951, known as the Jones Law, provides in section 40 (48 USCA § 861):

"Section 40. That the judicial power shall be vested in the courts and tribunals of Porto Rico now established and in operation under and by virtue of existing laws, * * * and the Legislature of Porto Rico shall have authority, from time to time as it may see fit, not inconsistent with this act, to organize, modify, or rearrange the courts and their jurisdiction and procedure, except the District Court of the United States for Porto Rico."

The defendant contends that by this provision no power was delegated to the Legislature of Porto Rico to establish other courts than those then in existence, and that therefore the power granted "to organize, modify, or rearrange the courts and their jurisdiction and procedure" was limited to the courts in existence at the time of the passage of the Organic Act.

The following, so far as material, is the Act of September 16, 1925, passed by the Legislature:

"Be it enacted by the Legislature of Porto Rico:

"Section 1. That from and after the approval of this act, the district court for the judicial district of Ponce as at present organized is hereby abolished. * * *

"Section 8. It is hereby declared that this act is of an urgent nature and is imperatively necessary for the rapid and efficient administration of justice in the judicial district of Ponce. This act, therefore, shall take effect immediately after its approval."

After the American occupation of Porto Rico, General Orders No. 118 were issued, October 16, 1899, which provided that the organization and functions of the courts of justice in Porto Rico should undergo reforms and certain changes. It established five judicial districts and provided for a district court in each district, composed of three judges.

On April 12, 1900, the first Organic Act of Porto Rico, known as the Foraker Act, was passed by Congress. Section 33 of this act (48 USCA § 861, note) provided in part as follows:

"That the judicial power shall be vested in the courts and tribunals of Porto Rico as already established and now in operation."

It gave to the Legislative Assembly "au-

thority to legislate, from time to time as it may see fit, with respect to said courts and any others they may deem it advisable to establish, their organization, the number of judges and officials and attaches for each, their jurisdiction and procedure, and all other matters affecting them."

In 1904 the Legislature of Porto Rico reduced the number of judges of each district court from three to one, and also changed the territory included within the districts. It was held by the Supreme Court that the claim that the Legislature was without authority to do this was frivolous and void of any colorable merit. Kent v. Porto Rico, 207 U. S. 113, 28 S. Ct. 55, 52 L. Ed. 127. The Supreme Court held in substance that under the Foraker Act the Legislature of Porto Rico had broad and general powers to legislate concerning the courts within its jurisdiction, and that in the exercise of this power it was not limited to the courts as organized when the Foraker Act was enacted, as to number of judges or as to the territory over which it should exercise jurisdiction.

While the Jones Act does not contain, as does the Foraker Act, any reference to courts to be established, yet in both the judicial power is vested in the courts and tribunals "already established and in operation." But the Supreme Court held that the Legislature could change the number of judges and the territory in which each should exercise jurisdiction.

By the Act of September 16, 1925, the Legislature did not deprive the people of Porto Rico of a district court at Ponce, but only abolished the court as it then existed, and in its place substituted another, which should have the same jurisdiction and be presided over by two judges. It was the district court of Ponce "as at present organized" which was changed and modified. This the Legislature had the power to do under the general authority conferred by section 40 of the Jones Act, which gave it power to "organize, modify, or rearrange the courts and their jurisdiction and procedure." The court organized as it was when presided over by the defendant was abolished, and he therefore ceased to be a judge of it.

[2] The other contention upon which the defendant relies is that the act did not comply with the Organic Act of Porto Rico of March 2, 1917, which provides (paragraph 6, § 34):

"No act of the Legislature, except the general appropriation bills for the expenses of the government, shall take effect until ninety days after its passage, unless in case of emergency (which shall be expressed in the preamble or body of the act) the Legislature shall by a vote of two-thirds of all the members elected to each house otherwise direct."

Section 8 of the act of 1925 is as follows:

"It is hereby declared that this act is of an urgent nature and is imperatively necessary for the rapid and efficient administration of justice in the judicial district of Ponce. This act, therefore, shall take effect immediately after its approval."

It is claimed that the facts constituting the emergency should have been stated, and in support of this contention Payne v. Graham, 118 Me. 251, 107 A. 709, 7 A. L. R. 516, is cited. The Maine case, however, is not in point, because by statute the Legislature of Maine has provided that the "facts constituting an emergency shall be expressed in the preamble of the act." There is no such provision in the Organic Act of Porto Rico.

In Biggs v. McBride, 17 Or. 640, 21 P. 878, 5 L. R. A. 115, also cited upon the brief of the defendant, the emergency was declared in these words: "Inasmuch as the amendments herein proposed would greatly tend to benefit the people of this state, and there is urgent necessity therefor," etc. The Supreme Court of Oregon held, however, that it was for the Legislature to ascertain and declare the facts of the emergency, and that their determination was not reviewable by the courts.

The act of the Legislature of Porto Rico dealing with the district court of Ponce states that the act is of urgent nature and is imperatively necessary for the rapid and efficient administration of justice. The fact of the emergency which existed was for the sole determination of the Legislature in the manner provided by the Organic Act, and is not reviewable by the courts. It is apparent from the situation presented that an emergency had arisen, and that in the rearrangement of the organization of the district court of Ponce, provided for by the act of 1925, it was necessary that it take effect at once for the "rapid and efficient administration of justice."

The judgment of the Supreme Court of Porto Rico is affirmed.