THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* PEDRO AMIEIRO, Defendant and Appellant.

No. 13654. Argued June 16, 1949.—Decided July 13, 1949.

*Luisa María Capó* and *Yamil Galib Frangie* for appellant. *Vicente Géigel Polanco, Attorney General, J. Rivera Barreras, Fiscal of the Supreme Court* and *Fernando Fornaris, Jr., Assistant Fiscal,* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

Appellant was accused of violating the *Bolita* Act. As a defense he alleged that said Act was not in force at the time that the facts which led to the accusation took effect. He also asked for the suppression of the evidence seized because it had been illegally obtained. Both points having been overruled, defendant pleaded guilty and was sentenced to six months imprisonment in jail.

■■ Appellant argues that the *Bolita* Act did not become effective immediately after its approval because its provision to the effect that said Act, "being of an urgent and necessary character, shall take effect immediately after its approval", does not comply with the requirements of the Organic Act.[1] He then contends that, since it was approved May 15, 1948 and the facts herein took place on June 12, 1948, he cannot be convicted of its violation, because the ninety days required by the Organic Act for the enforcement of the Act had not elapsed.

In *Díaz Cintrón* v. *People of Porto Rico,* 24 F. (2d) 957 (C.A. 1, 1928), the Court of Appeals, upon considering a

---

[1] Section 34 of the Organic Act, in its pertinent part provides:

"No Act of the Legislature except the general appropriation bills for the expenses of the Government shall take effect until ninety days after its passage, unless in case of emergency (which shall be expressed in the preamble or body of the act) the Legislature shall by a vote of two-thirds of all the members elected to each house otherwise direct."

clause substantially similar to the one involved herein,[2] decided that it complied with the provisions of the Organic Act and upheld the immediate effect of the statute, for once the Legislature determines that an emergency exists, so that an Act shall take effect immediately after its approval, this determination is binding on the courts.

■■ Defendant pleaded guilty of the crime charged. Consequently, he admitted the truth of the facts correctly alleged in the information. It was unnecessary, therefore, to determine whether the evidence was seized legally, since his plea of guilty rendered the use of said evidence unnecessary.

■ Appellant also attacks the constitutionality of the Act because, as he urges, the definition of the crime contained in § 4, is vague and inaccurate. But this question has been already decided against his contention in *People* v. *De Jesus*, *ante*, p. 36, and we are not warranted in departing from that doctrine.

The judgment appealed from should be affirmed.

---

[2] The clause considered in *Díaz Cintrón* v. *People of Porto Rico*, 24 F.2d 957 (CA 1, 1928), read thus:

"This act is of an urgent nature and is imperatively necessary for the rapid and efficient administration of justice in the judicial district of Ponce. This act, therefore, shall take effect immediately after its approval."