EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PEDRO AMIEIRO, acusado y apelante.

Núm. 13654.—*Sometido:* Junio 16, 1949. *Resuelto:* Julio 13, 1949.

*Luisa María Capó y Yamil Galib Frangie*, abogados del apelante; *Hon. Procurador General Vicente Géigel Polanco, J. Rivera Barreras, Fiscal del Tribunal Supremo, y Fernando Fornaris, Jr., Fiscal Auxiliar*, abogados de El Pueblo, apelado.

El Juez Presidente Señor De Jesús emitió la opinión del tribunal.

El apelante fué acusado de violar la Ley de la Bolita. Como defensa alegó que dicha ley no estaba en vigor a la fecha en que ocurrieron los hechos que motivaron la acusación, y solicitó, además, la supresión de la evidencia ocupada por haber sido ilegalmente obtenida. Desestimadas ambas cuestiones, el acusado se declaró culpable y fué sentenciado a cumplir seis meses de cárcel.

Sostiene el apelante que la Ley de la Bolita no empezó a regir inmediatamente después de su aprobación porque su disposición al efecto de que dicha ley, "por ser de carácter urgente y necesaria, empezará a regir inmediatamente después de su aprobación", no cumple con los requisitos de la Carta Orgánica.(¹) Alega, entonces, que como la

(¹)El artículo 34 de la Carta Orgánica, en lo pertinente, prescribe:

"" *       *        *         *         *         *         *

"Ninguna ley de la Asamblea Legislativa entrará en vigor, con excepción de las leyes generales de presupuesto para los gastos del Gobierno, hasta noventa días después de su aprobación, a menos que, en caso de necesidad imperiosa

misma fué aprobada el 15 de mayo de 1948 y los hechos del presente caso ocurrieron el 12 de junio de 1948, él no puede ser convicto de su violación, pues no había transcurrido el término de noventa días que exige la Carta Orgánica para que la ley entrara en vigor.

En *Díaz Cintrón* v. *People of Porto Rico*, 24 F.2d 957 (C.C.A. 1, 1928), la Corte de Apelaciones, considerando una cláusula sustancialmente igual a la aquí envuelta,([2]) resolvió que la misma cumplía con las disposiciones del Acta Orgánica y sostuvo la vigencia inmediata del estatuto, pues una vez que la Legislatura establece que existe una emergencia, para que una ley entre en vigor inmediatamente después de su aprobación, esa determinación es concluyente para los tribunales.

El acusado se declaró culpable del delito imputádole. En consecuencia, admitió la certeza y veracidad de los hechos bien alegados en la acusación. Era, pues, innecesario, determinar si la evidencia ocupada lo fué legalmente, ya que su admisión de culpabilidad hizo innecesario el uso de la referida evidencia.

Ataca, además, el apelante, la constitucionalidad de la ley porque, según él, la definición del delito que declara la sección 4, es vaga e imprecisa. Pero esta cuestión ha sido ya resuelta adversamente a su contención en el caso de *Pueblo* v. *De Jesús,* ante, pág. 37 y no tenemos motivos para apartarnos de la doctrina allí establecida.

*Procede la confirmación de la sentencia apelada.*

---

(lo que se expresará en el preámbulo o cuerpo de la ley), la Asamblea Legislativa por una votación de las dos terceras partes de todos los miembros elegidos para cada Cámara, disponga otra cosa.''

([2])La cláusula considerada en el caso de *Díaz Cintrón* v. *People of Porto Rico*, 24 F.2d 957 (C.C.A. 1, 1928), decía así: ''Por la presente se declara que esta ley es de carácter urgente y de necesidad imperiosa a los fines de una rápida y eficiente administración de la justicia en el distrito judicial de Ponce. Esta ley, por lo tanto, empezará a regir inmediatamente después de su aprobación.''