## AMADO *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF PORTO RICO.

No. 33. Submitted October 25, 1904.—Decided November 7, 1904.

The review of the final judgment of the District Court of the United States for Porto Rico by this court is not restricted to cases in which the Constitution or a treaty of the United States or an act of Congress is brought in question and the right claimed under it is denied. There may be cases, certainly civil cases, which if determined in a Supreme Court of one of the Territories of the United States could be reviewed although not involving any right of a distinctly Federal nature.

But a criminal case like this arising under § 3082 Rev. Stat., could not be reviewed by this court in virtue of the words, in § 35 of the Porto Rico act of April 12, 1900, "in the same cases as from the Supreme Courts of the Territories of the United States."

Nor will the words in the same act, "in all cases where the Constitution of the United States, or a treaty thereof, or an act of Congress is brought in question and the right claimed thereunder is denied," authorize this court to review a judgment of conviction in a criminal case in the court below under § 3082 Rev. Stat., when the only claim at the trial was that the

indictment did not charge "an offense under the statutes of the United States." Such an objection was too indefinite.

Unless a judgment in the United States District Court for Porto Rico can be reviewed here, then it is final ; for no case determined in that court can be carried to a Circuit Court of Appeals.

THE facts are stated in the opinion.

Submitted on the record for plaintiff in error.

*Mr. Assistant Attorney General Purdy* for the United States.

MR. JUSTICE HARLAN delivered the opinion of the court.

THE Revised Statutes of the United States provide that "if any person shall fraudulently or knowingly import or bring into the United States, or assist in so doing, any merchandise, contrary to law, or shall receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise after importation, knowing the same to have been imported contrary to law, such merchandise shall be forfeited and the offender shall be fined in any sum not exceeding five thousand dollars nor less than fifty dollars, or be imprisoned for any time not exceeding two years, or both." § 3082.

The act of April 12, 1900, temporarily providing revenues and a civil government for Porto Rico, declares, among other things, that on and after its passage "the same tariffs, customs, and duties shall be levied, collected, and paid upon all articles imported into Porto Rico from ports other than those of the United States which are required by law to be collected upon articles imported into the United States from foreign countries;" also, that "the statutory laws of the United States not locally inapplicable, except as hereinbefore or hereinafter otherwise provided, shall have the same force and effect in Porto Rico as in the United States, except the internal revenue laws, which, in view of the provisions of section three, shall not have force and effect in Porto Rico." 31 Stat. 77, 80, c. 191, §§ 2, 14.

These statutes being in-force, the plaintiff in error, Amado, was indicted in the District Court of the United States for Porto Rico, upon the charge of having, on May 28, 1901, unlawfully received, concealed and facilitated the transportation, concealment and sale of certain specified quantities of Holland gin, vermouth, brandy and Danish beer, theretofore, as the accused well knew, fraudulently imported into Porto Rico, contrary to law, without the payment to the United States of the duties imposed upon such articles.

The accused was duly arraigned, and found guilty by a jury. A motion in arrest of judgment having been overruled, he was sentenced to confinement in the penitentiary of Porto Rico for one year and one day, and to pay a fine of five hundred dollars. A new trial was denied, and the accused sued out the present writ of error.

In allowing the writ the Judge of the District Court expressed some doubt whether error would lie, but he resolved the doubt in favor of the defendant.

The Government insists that the writ of error should be dismissed for want of jurisdiction in this court to review the judgment below; otherwise, that the judgment should be affirmed.

It is provided by the above act of April 12, 1900, that the District Court of the United States for Porto Rico "shall have, in addition to the ordinary jurisdiction of District Courts of the United States, jurisdiction of all cases cognizant in the Circuit Courts of the United States, and shall proceed therein in the same manner as a Circuit Court." 31 Stat. 77, 84, c. 191, § 34.

The act also provides that writs of error and appeals from the final decisions of the Supreme Court of Porto Rico and the District Court of the United States shall be allowed and may be taken to this court "in the same manner and under the same regulations and in the same cases as from the Supreme Courts of the Territories of the United States; and such writs of error and appeal shall be allowed in all cases where

the Constitution of the United States, or treaty thereof, or an act of Congress is brought in question and the right claimed thereunder is denied; . . . ." *Ibid.* § 35.

A review of the final judgment of the District Court of the United States for Porto Rico is not restricted to those cases in which the Constitution or a treaty of the United States or an act of Congress is brought in question and the right claimed under it denied. This construction is too narrow and technical. There may be cases—certainly civil cases—in the United States District Court for Porto Rico that do not involve any question arising under the Constitution, or a treaty, or an act of Congress; and yet if the case be one which, if determined in a Supreme Court of one of the Territories of the United States, could be brought here for reëxamination, the final judgment could be reviewed by this court, although no right of a distinctly Federal nature was involved. *Royal Ins. Co.* v. *Martin,* 192 U. S. 149, 160; *Hijo* v. *United States,* 194 U. S. 315, 320. See *Crowley* v. *United States,* 194 U. S. 461. But even this test, if applied here, will not avail the accused; for the statutes regulating the appellate jurisdiction of this court do not authorize a review of the final judgment in a Supreme Court of one of the Territories of the United States in a criminal case like this one.

Can our jurisdiction be sustained by reference to the words, in the Porto Rico act, "in all cases where the Constitution of the United States, or a treaty thereof, or an act of Congress is brought in question and the right claimed thereunder is denied?" We must answer this question in the negative. The nearest approach to a claim of specific right under the Constitution or a treaty of the United States or under an act of Congress, was when the accused, in his written motion to arrest the judgment or sentence, insisted that the indictment did not set forth "an offense under the statutes of the United States." But that language amounted to nothing more, in legal effect, than a plea of not guilty, or a demurrer upon the general ground that the indictment did not state enough to

show an offense. It was not the assertion of any particular right under the Constitution, or under any treaty, or under an act of Congress, which would be denied to him, if the prosecution was sustained. His contention was only that he was not subject to criminal prosecution by reason of anything set forth in the indictment. The indictment was plainly sufficient under the statute prescribing the offense charged, and the objections to it were too indefinite to meet the requirements of the act of 1900, and make the case one which, by that act, could be brought to this court for review. Unless the case was one in which the judgment could be reviewed here, then such judgment would be final and not subject to review; for no case determined in the United States court for Porto Rico can be carried to a Circuit Court of Appeals. We said, in *Royal Ins. Co.* v. *Martin*, 192 U. S. 149, 160, that "Congress did not intend that any connection should exist between the United States court for Porto Rico and any Circuit Court of Appeals established under the act of 1891."

The writ of error must be dismissed for want of jurisdiction in this court, and

*It is so ordered.*