## LANDGRAF *v*. GRIFFITH.

[No. 6,343.    Filed March 10, 1908.]

1. BANKRUPTCY.—*Fraud.—Discharge.—Public Policy.*—Public policy forbids the discharge of a bankrupt from his liabilities incurred through fraud while acting in an official or fiduciary capacity, whether such liabilities are in the form of a judgment or otherwise. p. 376.

2. SAME.—*Fraudulent Taking of Note.—Discharge.*—Defendant's fraudulent securing of possession of a note executed by defendant to plaintiff does not amount to a fraud so that the debt evidenced by such note is not the subject of a discharge in bankruptcy, such note being mere evidence of a contract debt free from fraud. p. 376.

3. SAME.—*Preferences.—Validity.*—Plaintiff's surrender to defendant of a note payable to him by defendant, in consideration of the full payment of said note by said defendant after his discharge in bankruptcy, constitutes a fraud upon the other creditors; and the proof of the debt evidenced by such note, though reduced to a judgment, in bankruptcy constitutes a discharge thereof. p. 376.

From Marion Circuit Court (14,302); *Henry Clay Allen,* Judge.

Action by Norbert Landgraf against DeWitt C. Griffith. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*George Young,* for appellant.

*Chambers, Pickens, Moores & Davidson,* for appellee.

COMSTOCK, J.—Appellant recovered judgment by default before a justice of the peace of Marion county against appellee for $162.50. He commenced the present action upon said judgment on August 14, 1905. The complaint alleges, in substance, that on April 18, 1900, appellant filed in the office of a justice of the peace his complaint for damages in the sum of $162.50; that a trial of said cause was duly had and judgment rendered against the appellee in favor of appellant for said amount, together with costs; that said judgment was due and unpaid; and that a copy of said complaint is filed with appellant's complaint, as exhibit A, and made a part thereof.

In the complaint before the justice of the peace it was alleged that the plaintiff was on October 15, 1899, the owner of a certain promissory note, dated April 13, 1895, and signed by said defendant; that said note was given for a valuable consideration; that the defendant represented to the plaintiff that he was going to apply immediately for a discharge in bankruptcy according to the laws of the United States; that he did not want said plaintiff to lose the amount of money due on said note, and if plaintiff would surrender said note to him he would immediately apply for a discharge in bankruptcy and would pay plaintiff's claim in full; that plaintiff, believing such statements were true, and relying on such statements made by said defendant, returned said note to said defendant; that said statements were false and made for the purpose of deceiving said plaintiff; that said defendant did not intend to apply for

a discharge in bankruptcy, and never had any intention of so doing, and has never applied for a discharge in bankruptcy; that said statements were made for the purpose of securing possession of said note, thus destroying all evidence of said indebtedness, and to defraud said plaintiff, etc.

Defendant answered in three paragraphs. The first was a general denial, which was subsequently withdrawn. The second and third paragraphs of answer alleged that on April 30, 1900, defendant filed his voluntary petition in bankruptcy in the proper district court of the United States, and that with this petition he filed schedules A and B, as required by law, and set forth therein the names of all of his creditors, and the nature and amount of the debts due said creditors, and a list of all property owned by defendant on said date; that among other debts listed in said schedule A was the debt due Norbert Landgraf, the plaintiff herein; that defendant was duly adjudged bankrupt on April 30, 1900; that plaintiff herein was duly notified of the filing by defendant of such petition in voluntary bankruptcy, and that thereafter, on May 26, 1900, said plaintiff herein filed in said district court his proof and claim against the estate of the defendant; that on September 9, 1900, a judgment upon the merits was entered in said cause by said district court, whereby said claim was allowed as a general claim against the estate of said bankrupt; that said claim so filed and allowed was the identical claim and judgment mentioned in the plaintiff's complaint herein, and upon which plaintiff now seeks to maintain an action against the defendant herein, and that said district court is and was a court of competent jurisdiction, having jurisdiction of the subject-matter in said cause and of the parties thereto; that thereafter, to wit, on January 8, 1901, the defendant, under the acts of congress relating to bankruptcy, was discharged by said district court from all debts provable against his estate, including the debt theretofore due the plaintiff herein.

A demurrer for want of facts to each of said paragraphs was overruled, and the plaintiff replied, in substance, that section seventeen of the bankruptcy law (30 Stat., p. 550, U. S. Comp. Stat., 1901, p. 3428) enumerates certain indebtedness which shall not be affected by a discharge of bankruptcy, as follows, to wit: "(2)  *  *  *  judgments in actions for frauds, or obtaining property by false pretenses or false representations, or for wilful and malicious injuries to the person or property of another;" "(4)  *  *  * [debts] created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any other fiduciary capacity."

The judgment upon which he is asking judgment in the circuit court is one for fraud in obtaining possession of said promissory note by false and fraudulent representations. Said reply then recites the facts set out in the complaint filed before the justice of the peace in relation to the note in controversy, and that the judgment rendered in the court of said justice of the peace is the same judgment which the defendant claims was liquidated by the judgment in bankruptcy, as charged in his said second and third paragraphs of answer. A demurrer to this reply, upon the ground that it did not state facts sufficient to avoid said paragraphs of answer, was sustained, and, the plaintiff declining to plead further, the court rendered judgment on said demurrer in favor of the defendant for costs.

The errors assigned are the action of the court in overruling appellants' demurrer to the second and third paragraphs of answer, and each of them, and in sustaining appellee's demurrer to appellant's reply.

Appellant contends that neither the second nor third paragraph of answer is sufficient, for the reason that his judgment is for fraud, and is not released by the discharge in bankruptcy.

Public policy forbids the discharge of the bankrupt from

a debt incurred through fraud while acting as an officer or in a fiduciary capacity; and a debt so created, whether reduced to a judgment or not, is not to be discharged in bankruptcy.

We are of the opinion that the facts set out in the complaint are not such as are contemplated by the statute. The fraud should relate to the obtaining, at the creation of the debt, of the money or property by false or fraudulent representations, the original relation between the parties being a contractual one. It "must exist in the creation of the debt, as subsequent fraudulent conduct is insufficient." Brandenburg, Bankruptcy (3d ed.), §435. "If the original debt arose in contract and the fraud was but an incident of the debt and not its creative power, the debt is merged in the judgment and the bankrupt released thereafter." Brandenburg, Bankruptcy (3d ed.), §435. See, also, Collier, Bankruptcy (5th ed.), p. 478.

The facts exhibited in the complaint show that the note in question was executed for a valuable consideration, and possession of the same was obtained by the appellee. This was only depriving appellant of the evidence of the debt. Appellant's rights were not affected. Appellee was still his debtor. The form of the debt was not changed. It is not alleged that appellant ever demanded the return of the note. It was surrendered to appellee upon promise to pay the debt in full, manifestly holding out to the appellant the expectation of a preference over other creditors. He parted with the note upon conditions which would have been, under the bankruptcy law, a fraud to other creditors. The act charged against appellee was a tort for which appellant sought damages, and for which judgment was rendered before the commencement of the proceedings in bankruptcy. It was proved and allowed as a general claim against the estate of the bankrupt. "A judgment in action for a tort may be provable; or for fraud, conspiracy and deceit." Brandenburg, Bankruptcy (3d ed.), §992, and cases

cited. And see Collier, Bankruptcy (5th ed.), pp. 207, 478; *Hays* v. *Ford* (1876), 55 Ind. 52; *Crawford* v. *Burke* (1904), 195 U. S. 175, 25 Sup. Ct. 9, 49 L. Ed. 147, 12 Am. Bank. Rep. 659. The complaint is not good upon the theory upon which it is based. The demurrer to the reply presents the same question as the demurrer to the answer. We find no error.

Judgment affirmed.