In re Carl SCHOOLS, Debtor.

Jay GREENBERG, Plaintiff,

v.

Carl SCHOOLS, Defendant.

Bankruptcy No. 81–00336–BKC–SMW.
Adv. No. 81–0258–BKC–SMW–A.

United States Bankruptcy Court,
S. D. Florida.

Nov. 2, 1981.

James K. Pedley, Fort Lauderdale, Fla., for debtor.

Michael L. Detzky, Bradley Beach, N.J., for plaintiff.

Herbert Harris, trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come to be heard upon a Complaint to Determine the Dischargeability of a Debt filed herein and the Court, having heard the testimony and examined the evidence presented; having observed the candor and demeanor of the witnesses; having considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

This Court has jurisdiction of the parties and the subject matter of this action.

The debtor/defendant, Carl Schools (the "debtor") and the plaintiff, Jay Greenberg (the "plaintiff"), together with another individual, formed the Greater Asbury Collections, Inc., a New Jersey corporation, in the early 1970's. In 1974, the plaintiff filed a complaint against the debtor alleging fraud, defalcation and embezzlement of corporate funds. After extensive discovery by both sides, the parties entered into a settlement agreement dated June 11, 1975 reciting as follows:

"In exchange for dismissal of the Complaint and Counterclaim of the action pending in the Chancery Division of the Superior Court of New Jersey ... and for the sale of all shares of stock in Greater Asbury Collections, Inc., by Jay Greenberg, the corporation agrees to pay the sum of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS to be evidenced by a series of promissory notes properly executed by the corporation and personally guarenteed by Carl Schools payable to Jay Greenberg."

Under the terms of the settlement agreement, the debtor was to pay TEN THOUSAND ($10,000.00) DOLLARS cash and the balance of NINETY THOUSAND ($90,000.00) DOLLARS over a fourteen year period. Pursuant to this agreement, a promissory note was executed on June 18, 1975. The debtor paid in excess of FIFTY THOUSAND ($50,000.00) DOLLARS in principle and interest on the promissory note before defaulting, at which time the plaintiff brought suit on the promissory note. That lawsuit also was settled by stipulation of the parties who agreed to the following terms: Greater Asbury Collections, Inc. and Carl Schools, individually are required to pay the plaintiff SEVENTY-EIGHT THOUSAND ONE HUNDRED TWO and and 66/100 ($78,102.66) DOLLARS (the amount of unpaid principle and interest due for one year) in monthly payments of EIGHT HUNDRED NINETY-TWO and 20/100 ($892.20) DOLLARS. The debtor

filed a petition in bankruptcy in March of 1981. The debtor's complaint to determine dischargeability of debt was filed May 27, 1981, alleging that the underlying debt was based on fraud and therefore nondischargeable under 11 U.S.C. Section 523(a)(4).

■ In its Memorandum of Law, the debtor argues that the settlement agreement of June 11, 1975 was a novation whereby the promissory note was substituted for the original cause of action. To effectuate a novation, explicit language is required in the agreement showing an intent to make such a substitution. In the absence of such express language, a novation is not to be assumed. *Commonwealth Life Ins. Co. v. Louisville Railroad Co.*, 29 S.W.2d 552, (Ky.App.1930) as cited in 58 Am.Jur.2d *Novation*, 515. The Court finds that such expression of intent by the parties at the time of executing the agreement is absent. Therefore, the Court cannot find that a novation occurred whereby the promissory note was explicitly substituted for the cause of action.

■ The plaintiff's Memorandum of Law makes reference to decisions of other Bankruptcy Courts which have looked behind a judgment to determine whether the resulting judgment debt is non-dischargeable under 11 U.S.C. Section 523. This Court recently ruled in accordance with those cited, determining that the Bankruptcy Court has the power to scrutinize a judgment to determine nondischargeability.[1] The situation presented here differs significantly from the facts of those cases. Here there is no record to scrutinize as the original case never came to trial. While the Court recognizes that it is empowered to try the fraud issue against the Bankruptcy Code criteria, it will not do so for the same reason the original case was never tried—it was settled by mutual agreement of the parties entered into fairly and in good faith, after extensive discovery and with full knowledge of what each side was giving up and gaining. Current public policy encourages and favors

such settlements of controversies. *Williams v. First National Bank*, 216 U.S. 582, 30 S.Ct. 441, 54 L.Ed. 625 (1910); *Re Kemp's Estate*, 177 So.2d 757, reh. den. (Fla.App.D. 1, 1965). As long as the settlement agreement is made in good faith, the parties may not go beyond it and return to the original claim. The plaintiff has not alleged that the settlement agreement was entered into in bad faith or that there was fraud in the agreement to, or execution of, either of the two settlement agreements. It is significant that the plaintiff, upon the debtor's default, returned to Court in New Jersey, where it had entered into the settlement agreement, to enforce the note and did not attempt to return to the original cause of action, recognizing that he had agreed to exchange the cause of action for the promissory note. The Court finds that after two settlements and exchanges of promissory notes, the plaintiff is not entitled to resurrect the original unliquidated, untried claim for the purpose of now finding it non-dischargeable in bankruptcy.

In accordance with the foregoing, the relief sought in plaintiff's Complaint to Determine Dischargeability of Debt will be denied and the debt owed by the debtor to the plaintiff will be dischargeable.

The Court will enter a judgment in accordance with these findings of fact and conclusions of law.

### FINAL JUDGMENT

In conformity with the findings of fact and conclusions of law of even date, it is

ORDERED, ADJUDGED and DECREED that the relief sought by plaintiff, Jay Greenberg, in his Complaint to Determine Dischargeability of Debt is, in all respects, hereby denied and the debt owed by the debtor, Carl Schools, to the plaintiff, Jay Greenberg, shall be and the same hereby is dischargeable in bankruptcy.

---

1. In re: *Calvin Lee*, Case No. 81–00762–BKC–SMW, Adv. No. 80–0276–BKC–SMW–A, S.D., Fla.