Jay GREENBERG, Appellant,

v.

Carl SCHOOLS, Appellee.

No. 82–13–Civ–JWK.

United States District Court,
S. D. Florida.

May 11, 1982.

Michael L. Detzky, Bradley Beach, N. J.,
for appellee.

James K. Pedley, Fort Lauderdale, Fla.,
for appellant.

---

Accordingly, LaSalle's motion for summary judgment as to West Virginia's liability for accelerated rental payments is granted.[27] West Virginia's cross motion to dismiss the counterclaim is denied.

Settle an order in conformity with this opinion.

---

## MEMORANDUM ORDER REVERSING FINAL JUDGMENT

KEHOE, District Judge.

This bankruptcy appeal presents an interesting and novel legal issue: whether an obligation arising out of an agreement entered into in full settlement of a civil action involving a bankrupt's alleged fraud or defalcation is dischargeable in bankruptcy as an ordinary debt, or is an exception to discharge under the Bankruptcy Reform Act of 1978, 11 U.S.C.A. § 523(a)(4). After giving the matter careful consideration, it is the Court's determination that such an obligation incurred as a result of a settlement agreement is not discharged in bankruptcy where that settlement agreement extinguished a claim originally arising out of fraud or defalcation.

## I. FACTS

There is no material dispute as to the facts in this case. In the early 1970's the parties to this action, Jay Greenberg and Carl Schools, formed a corporation known as Greater Asbury Collections, Inc. The corporation was incorporated under the laws of the state of New Jersey and had its principal place of business in New Jersey. Later, when a dispute over the management of the company arose, Greenberg commenced a civil action in the New Jersey state court charging that Schools, in his capacity as managing director of the corporation, made unauthorized use of corporate funds for his own personal benefit. In his complaint in the New Jersey proceeding, Greenberg alleged that Schools engaged in, among other things, fraud, misappropriation and misuse of corporate funds while acting in a fiduciary capacity in managing the corporation. After the parties engaged in extensive discovery, the litigation was settled prior to trial. Under the terms of

the settlement agreement, Schools agreed to pay Greenberg the sum of $100,000.00, with $10,000 due immediately and the remainder to be paid in installments over a 14 year period. Also as part of the agreement, Schools executed a promissory note payable to Greenberg on the $90,000.00 balance due.

Thereafter, Schools paid in excess of $50,-000.00 in principal and interest on the note before defaulting. Consequently, Greenberg again brought suit against Schools, only this time Greenberg sued directly on the promissory note. This second action was also filed in the New Jersey state court and it too was settled by stipulation of the parties. Pursuant to the terms of the second stipulation, Schools agreed to pay Greenberg $78,102.66 in monthly payments of $892.20.

Subsequently, Schools moved from New Jersey to Florida and filed a petition in bankruptcy. Greenberg responded by filing his adversary complaint in the bankruptcy action objecting to any discharge of the debt and contending that his claim was an exception to discharge pursuant to 11 U.S.C.A. § 523(a)(4).[1] When a final judgment was entered by the Bankruptcy Court in favor of Schools, Greenberg perfected this appeal pursuant to applicable law.[2]

## II. DISCUSSION

The Court's analysis must begin with an examination of the pertinent statute, i.e. 11 U.S.C.A. § 523(a)(4). It is clear that if this statute applies to the obligation incurred by debtor Schools, that debt cannot be discharged in bankruptcy. The statute states in material part that:

[a] discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny[.]

---

1. The record on appeal is not clear as to the current value of the appellant's claim. Neither the complaint filed in the adversary proceeding below, nor the bankruptcy judge's findings state what portion of the note has been paid and what portion is due and owing the appellant.

2. The Bankruptcy Reform Act of 1978, Pub.L. 95–598, Title IV, § 402(b), 92 Stat. 2682, 2685, provides that all appeals taken during the transition period [October 1, 1979 to March 31, 1984] shall be taken to the district court for the district in which the bankruptcy judge sits.

Appellee Schools urges the Court to accept the proposition that once the parties entered into a good faith settlement agreement, that agreement effectively extinguished the underlying action for fraud and limited any future relief solely to the enforcement of the settlement agreement itself. Accordingly, appellee maintains, the exception to discharge provided by § 523(a)(4) would not apply because the appellee's debt arises out of the failure to fully perform the terms of the settlement agreement and does not result directly from any fraud or defalcation. The Bankruptcy Court, 14 B.R. 953, accepted this argument and ruled that the statute did not apply to appellant's claim.

It is this Court's considered judgment, however, that the approach taken by the Bankruptcy Court is overly restrictive and not justified by the language of the statute itself, and would permit the discharge of debts that Congress intended to survive bankruptcy. The interpretation urged by the appellee would allow a debtor to discharge a debt incurred by his own fraud by simply entering into a settlement agreement prior to declaring bankruptcy. The debtor could even accept a substantially adverse settlement with the knowledge that its terms and conditions would be nullified by the subsequent petition in bankruptcy. Neither the statute, nor its legislative history, nor cases construing the reach of the statute, support this position.[3]

Since § 523(a)(4) has not materially changed prior law on the point,[4] an examination of the precedent arising out of both the old bankruptcy act and the 1978 revision may prove dispositive. Two cases appear particularly noteworthy.

In *Hartford Accident & Indemnity Co. v. Flanagan*, 28 F.Supp. 415 (S.D.Ohio 1939),

the district court encountered the issue of whether a debt arising from an act of embezzlement was discharged by a subsequent bankruptcy proceeding where the debtor and creditor had previously entered into an express contract of indemnity to satisfy the amount outstanding. The defendant bankrupt had been convicted for the fraudulent embezzlement and misappropriation of funds belonging to the bank where he worked. The bank's surety paid a portion of the loss under a surety bond contract and sought indemnity from the defendant bankrupt for the amount paid. The bankrupt sought discharge of this debt on the ground that the obligation the surety wanted to enforce was one arising from contract and not from the embezzlement itself. The court ruled that the bankrupt's debt could not be discharged in bankruptcy inasmuch as it was one created by the bankrupt's embezzlement and misappropriation while acting in a fiduciary capacity, notwithstanding that the nature of the claim was subsequently changed by the indemnity contract. The court observed,

It is the purpose of the Bankruptcy Act, among other things, to release an honest unfortunate, and insolvent debtor from the burden of oppressive debts and to restore him to business activity. This is done in the interests of society and it has been held that the act should be liberally construed to that end. But, too, the act should be liberally construed so as to prevent the discharge in bankruptcy of a liability which would not exist but for the fraudulent conduct of the bankrupt. "Public Policy forbids the discharge of the bankrupt from a debt incurred through fraud while acting as an officer or in a fiduciary capacity, and a debt so created, whether reduced to a judgment

---

**3.** The legislative history on this particular portion of § 523 is not very enlightening. For example, the Senate Committee Report states that "[p]aragraph 4 excepts debts for fraud incurred by the debtor while acting in a fiduciary capacity or for defalcation, embezzlement, or misappropriation." S.Rep.No.989, 95th Cong., 2d Sess., reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5864.

**4.** Cf. § 17a of the Bankruptcy Act of 1898, as amended [formerly codified at 11 U.S.C.A. § 35(a)], which provided:

A discharge in bankruptcy shall release a bankrupt from all of his provable debts . . . except such as . . .

(4) were created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity. . . .

or not, is not to be discharged in bankruptcy." *Landgraf v. Griffith*, 41 Ind. App. 372, 83 N.E. 1021, 1022. [other citations omitted]

*Hartford Accident & Indemnity Co. v. Flanagan, supra* at 419.

The case of *Fireman's Fund Insurance Company v. Covino*, 12 B.R. 876 (Bkrtcy.M.D.Fla.), provides recent support for the proposition that a debt which initially arose as a result of the debtor's embezzlement should not be discharged even when the nature of the debt is changed from tort to contract. The facts were very similar to those of the *Flanagan* case. The debtor entered into a demand note payable to his employer for sums allegedly embezzled. When the debtor later petitioned for bankruptcy, the employer's insurer, who had paid insurance proceeds to cover the amount embezzled, filed a claim against the debtor for the amount due under the note. The insurer contended that its claim was an exception to discharge under 11 U.S.C.A. § 523(a)(4). The bankruptcy judge agreed and declared that the debt survived bankruptcy. The court stated that a debt which unquestionably initially arose as a result of the debtor's embezzlement should not be discharged, even though the debtor had entered into an indemnity agreement prior to petitioning for bankruptcy. Accordingly, judgment was entered declaring the debt to be non-dischargeable.

Applying the principles articulated in these cases to the case *sub judice*, a debt which originates from the debtor's fraud should not be discharged simply because the debtor entered into a settlement agreement. The underlying debt was unquestionably the result of the debtor's fraud, not his breach of the settlement agreement. The fact that appellant's claim never matured into a final judgment but was terminated by a settlement agreement should not be controlling. The Bankruptcy Court should inquire into the factual circumstances behind the settlement agreement to ascertain whether or not the debt incurred by appellee Schools was derived from the alleged fraudulent conduct while managing the Greater Asbury Collections corporation. If the court is satisfied that Schools' conduct was fraudulent and did result in the debt that Greenberg claims against him, the debt should not be discharged by the bankruptcy proceeding. This Court makes no determination on the merits of appellant's claim. The ruling of the Court is limited to the extent that it covers only the contention that the settlement agreement serves to automatically extinguish the appellant's claim and discharge it in bankruptcy.

## III. CONCLUSION

Based upon the Court's determination that the instant debt is not dischargeable in bankruptcy simply because the parties entered into a settlement agreement, the final judgment must be vacated and this cause remanded with directions to accord the appellant the opportunity to establish that the debt owed him by the appellee arose from "fraud, defalcation while acting in a fiduciary capacity, embezzlement, or larceny." If the Bankruptcy Court is satisfied that the initial debt was incurred as alleged in the appellant's complaint, judgment for appellant shall be entered.