Harold MARTINO, Plaintiff-Appellee,

v.

Larry J. BROWN d/b/a Brown Construction Company, Defendant-Appellant,

v.

DIAMOND SHAMROCK
CORPORATION,
Garnishee.

Civ. No. 83-868 HB.

United States District Court,
D. New Mexico.

Oct. 25, 1983.

Charles A. Harwood, Albuquerque, N.M., for plaintiff-appellee.

Thomas Clear, Albuquerque, N.M., for defendant-appellant.

## MEMORANDUM OPINION

BRATTON, Chief Judge.

This is an appeal from judgment entered against the debtor Brown by the Bankruptcy Court on a Complaint to Determine the Dischargeability of a Debt. Unfortunately, the creditor-appellee Martino declined to file a brief responding to the legal issues raised by the appeal, a dangerous course of action in any situation but particularly so when the appellant's arguments appear to have merit. Nevertheless, having considered the authorities, the arguments of the debtor and the entire record on appeal, the court finds that the judgment should be affirmed.

The debt in question arose from a judgment Martino obtained in a breach of contract action brought in the District Court of Bernalillo County in 1978. Brown, a licensed general contractor, had agreed to construct improvements to Martino's place of business. Out of funds advanced to him by Martino in payment for the work, Brown was to pay all subcontractors, materialmen and laborers. Brown failed to pay three subcontractors in amounts totaling $4,161.40 and Martino was required to discharge these bills. In the state court action Brown filed a Counterclaim to which Martino raised special defenses of breach of fiduciary duty, fraud and bad faith. The parties settled this dispute and judgment against Brown was entered upon a Stipulation for Entry of Judgment.

In a hearing on Martino's Complaint to Determine Dischargeability of Debt the Bankruptcy Court held that it was proper to look behind the state court judgment in deciding whether the underlying debt was nondischargeable pursuant to 11 U.S.C. § 523. The Bankruptcy Court further held that the settlement and judgment was *res judicata* as to the amount of the debt. The debtor now urges reversal of these rulings arguing that it was error to look behind the settlement or, in the alternative, that having looked behind the settlement the court should have considered all the factors which contributed thereto.

■ For his argument that the Bankruptcy Court erred in looking behind the settlement, Brown relies on *In re Schools,* 14 B.R. 953 (Bkrtcy.S.D.Fla.1981) which does, indeed, support his position. Unbeknownst to Brown apparently, *In re Schools,* was reversed on appeal on this very issue. *Greenberg v. Schools,* 21 B.R. 1011 (D.C.S.D.Fla.1982). Without repeating the court's reasoning in *Greenberg v. Schools,* suffice it to say that this court finds it persuasive. See also *In re Baker,* 15 B.R. 109 (Bkrtcy.W.D.Pa.1981).

■ The Bankruptcy Court held that the amount to which the parties had stipulated in the state court case was *res judicata* as to the amount of the debt. The court, therefore, limited the creditor to the amount for which he had settled and prevented the debtor from relitigating his liability therefor. The court determined only the amount of the state court judgment that was attributable to subcontractors' bills Brown had failed to pay.

This court can find no fault with such a procedure. The Bankruptcy Court cannot renegotiate the settlement on behalf of the parties. It would be impossible to determine what portion of the total settlement amount was attributable to the debt claimed by Martino, especially in light of Brown's testimony that he didn't know what factors made up the settlement figure. The only reasonable course open to the Bankruptcy Court was to determine how much of Martino's claim arose from Brown's failure to pay the subcontractor, i.e., the portion of the judgment which is nondischargeable under 11 U.S.C. § 523(a)(4).

■ Although not listed in his statement of issues on appeal, Brown appears to argue that a determination of nondischargeability requires a finding that he knowingly defrauded Martino. The Bankruptcy Court found that the debt was nondischargeable because it arose out of fraud, defalcation or misappropriation. No element of intent or bad faith is necessary for a breach of fiduciary duties to constitute a misappropriation or defalcation within the meaning of 11 U.S.C. § 523(a)(4). *In re Johnson,* 691 F.2d 249 (6th Cir.1982); *In re Gonzales,* 22 B.R. 58 (Bkrtcy.App.Cal. 9th Cir.1982).

Accordingly the judgment of the Bankruptcy Court is affirmed.