In re Roger W. POOS and Linda S. Poos, Debtors.

Brady McCALL, d/b/a Cassidy Livestock Order Buying Company, Inc., and Cassidy Livestock Order Buying Company, Plaintiff,

v.

Roger W. POOS and Linda S. Poos, Defendants.

Bankruptcy No. BK 83–50121.
Adv. No. 83–0330.

United States Bankruptcy Court, S.D. Illinois.

Aug. 7, 1984.

Gordon E. Maag, Walker & Williams, Belleville, Ill., for plaintiff.

Paul E. Riley, Edwardsville, Ill., for debtors.

## ORDER

JAMES D. TRABUE, Bankruptcy Judge.

At Alton, in said district, this matter coming on for hearing on a complaint to

determine dischargeability of a debt and objecting to the discharge of the debtors, filed on behalf of the plaintiff by his attorney, Gordon E. Maag; Paul E. Riley representing debtors; after reviewing the evidence and otherwise being fully advised in the premises, the Court makes the following findings and conclusions:

1. Debtors filed a petition under Chapter 7 of the Bankruptcy Code.

2. Plaintiff is a creditor of the above-named debtors.

3. Plaintiff filed a complaint under §§ 523 and 727 of the Bankruptcy Code, claiming that debtors converted plaintiff's property with a fair market value of $75,-000.00.

4. Debtors had an agreement with plaintiff to care for and feed certain livestock on behalf of plaintiff.

5. Debtors sold out of trust and were unable to properly account for ninety head of cattle.

6. Plaintiff entered into an agreement with a third party, Poos Investment Company, whereby the damages debtors owed plaintiff were reduced to a liquated amount and debtors were conditionally released of liability, so long as the terms of said agreement were complied with.

Several mixed issues of law and fact confront the Court. The facts are uncontroverted insofar as the sequence of events is concerned. Debtors admit that they converted plaintiff's livestock to their own use. The issues that must be resolved are: (1) has plaintiff properly stated a cause of action against debtors and met his burden of proving the same; and (2) does the agreement between plaintiff and the third-party extinguish the old debt arising from the conversion and create a new debt that is dischargeable?

Plaintiff has failed to state a cause of action under § 727 and therefore that portion of his complaint relating to the objection to discharge must be dismissed. Section 727 relates to certain acts that Congress deemed to be wrongful to all creditors as a whole so as to preclude the grant of discharge. Plaintiff failed to allege or prove that the provisions of § 727 relate to debtors' actions in any way.

Although plaintiff failed to state with specificity which provisions of § 523 are applicable, his complaint does state a cause of action under that Code section. Ostensibly, §§ 523(a)(4) or (a)(6) provide plaintiff with a cause of action against debtors based on his allegations. The unlawful taking of plaintiff's cattle constitutes larceny under § 523(a)(4) and a conversion under § 523(a)(6). Larceny is the unlawful taking of property without the owner's consent. *Car Village Buick-Opel v. DeRosa (In re DeRosa)*, 20 B.R. 307, 312 (Bankr.S.D.N.Y.1982). Clearly, under the terms of the parties' original agreement (Ex. 1), the cattle was not to be removed from debtors' premises without the supervision of plaintiff's agents. Thus, the breach of trust constitutes larceny under § 523(a)(4). With respect to § 523(a)(6), the conversion must be found to be willful *and* malicious to be nondischargeable. Under the Code, willful means "done with will or intentionally, and not inadvertently," while malicious means "done consciously and knowingly wrongful," rather with evil or ill will. *Birmingham Trust National Bank v. McGiboney*, 8 B.R. 987, 989 (Bankr.N.D.Ala.1981). The Court finds that debtors absconded with plaintiff's property intentionally and debtors knew or should have known that the transaction was wrongful.

Debtors assert that the debt in question is dischargeable, despite any findings that their acts constitute larceny or a willful and malicious injury. Debtors contend that the agreement between plaintiff and Poos Investment liquidates the indebtedness arising from their wrongful acts, giving rise to a new debt. Under debtors' theory, the new debt is dischargeable because it does not retain any of the characteristics of the seemingly nondischargeable debt that has been liquidated through the agreement. *Greenberg v. Schools (In re Schools)*, 14 B.R. 953 (Bankr.S.D.Fla.1981)

has been cited as authority for debtors' proposition.

The Court finds that debtors' debt to plaintiff remains nondischargeable, notwithstanding the agreement between plaintiff and the third party. First, the decision in *Schools* is distinguishable from the instant case. In *Schools,* the parties had entered into an agreement in settlement of litigation in the state court. The debtor had committed acts that would have rendered the resulting debt to the plaintiff nondischargeable. Upon finding the debt dischargeable, the court found that the settlement agreement was not entered into in bad faith and public policy prevented it from upsetting the parties' valid agreement. The court's holding rests in large part on the fact that the plaintiff relied upon the new liquidated debt when seeking to enforce the agreement in state court upon debtor's default. In the instant case, plaintiff has not sought to rely upon the new liquidated debt.

Furthermore, the concerns the *Schools* court had for maintaining the vitality of settlement agreements seem somewhat misplaced. *Schools* seems to ignore the fact that the plaintiff in that case failed to receive the benefit of his bargain when the debtor filed bankruptcy and the debt was declared dischargeable. This Court will not allow a debtor to circumvent the dischargeability provision in the Bankruptcy Code by entering into agreements, liquidating the amount of the debt and then, seeking the haven of the bankruptcy process, assert the defense that debt as liquidated is dischargeable. Allowing debtors to proceed in such a manner has a more perverse effect on the public policy favoring extrajudicial settlement of controversies than forcing debtors to be responsible for their actions.

It is significant that the matter at bar does not involve a novation. The agreement between plaintiff and Poos Investment cannot be construed to relieve debtors of liability for the debt. Had the parties effectuated a novation, whereby the plaintiff had agreed to unconditionally hold debtors harmless and look only to Poos Investment for payment, a different result may have been reached herein.

WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that the debt of Roger W. Poos and Linda S. Poos to Brady McCall, d/b/a Cassidy Livestock Order Company, Inc. and Cassidy Livestock Order Company be, and the same hereby is, deemed nondischargeable under 11 U.S.C. § 523(a).