In re David E. MISIASZEK and Sandra Misiaszek, Debtors.

PEERLESS INSURANCE COMPANY, Plaintiff,

v.

David E. MISIASZEK, Defendant.

Bankruptcy No. 93–10467–JEY.
Adv. No. 93–1074.

United States Bankruptcy Court,
D. New Hampshire.

Dec. 16, 1993.

Gregory A. Moffett, Sulloway Hollis & Soden, Concord, NH, for plaintiff.

Jay E. Printzlau, Weston and Printzlau, Londonerry, NH, for defendant.

## ORDER

JAMES E. YACOS, Chief Judge.

This adversary proceeding came on for hearing before this Court on December 14, 1993 on Motions for Summary Judgment filed by the parties in this proceeding. This adversary proceeding raises a question of whether an obligation owing to Peerless Insurance Company by subrogation by the debtor, who is a co-trustee of decedent's estate and who invested funds in certain unsecured loans that proved to be bad and therefore caused the estate to lose those funds, should be determined to be nondischargeable under section 523(a)(4) of the Bankruptcy Code.

■ There is no issue raised in this case as to whether the debtor was in fact a "fiduciary" for purposes of that statutory provision. As a co-trustee for the decedent's estate, debtor clearly was a fiduciary responsible to act in accordance with the documents in question and applicable state law.

Prior to bankruptcy the state probate court ordered an investigation by a special counsel as to the causes for the disappearance of the funds in question and after that report and a hearing the court entered a judgment which included the following findings:

> The report of the Special Counsel has been read and accepted. It appears from the presentations made by all parties that the trustees, Peter and David Misiaszek, unfortunately relied on the advice and counsel of Mr. Robert Feitz, who had been a long time investment advisor to the late Edward A. Misiaszek and his wife, Doris. Furthermore, David and Peter Misiaszek felt that their mother, who was the sole beneficiary of the trust, had absolute confidence in Robert Feitz and therefore wanted the investment of the corpus of the trust to be placed with Mr. Feitz. Nevertheless, the trustees had a responsibility to see to it that the investment would be one that would be within statutory parameters of RSA 564–A:3, III as it relates to the "prudent man" rule.

> The CMS Management, Inc. investment does not meet the standard of RSA 564:18 nor is there any additional authority contained in the trust which would, in effect, authorize the trustees to invest in an unsecured loan. The trustees failed to identify the investment to the trust. As stated before, they allowed an investment to be selected that was unsecured and not publicly traded.

*In re Estate of Edward A. Misiaszek,* Probate Docket No. 58719, *Order,* p. 1 (Dec. 22, 1992) (Exhibit 9 to Plaintiff Peerless Insurance Company's Memorandum of Law in Support of its Motion for Summary Judgment (dated and filed Oct. 1, 1993) (ADV. Court Doc. No. 8)).

It is quite clear and uncontroverted that the investment of some $200,000 of estate funds in unsecured promissory notes issued by a company named Commercial Management Services, Inc. (CMS) was in fact in violation of the statutory provisions involved and was not otherwise authorized by the trust documents, and the plaintiff argues therefore that there is a defalcation shown on the face of the record in accordance with this Court's interpretation of the meaning of defalcation in *In re Reeves,* 124 B.R. 5 (Bankr. D.N.H.1990).

The record also shows that for three years after making the investment in CMS the debtor and his co-trustee reported the income from the CMS notes, but only by account numbers and not with any identification of the source of that income that would have "identified the investment to the trust". It was only after CMS defaulted and ultimately went into bankruptcy that the debtor and his co-trustee disclosed the actual facts regarding their investment in their reports to the probate court. The defendant responds that while the only issue is defalcation these facts would not establish such in the present case since the debtor's acts did not involve any "misconduct or bad faith" on the part of the debtor in connection with the transaction. It is true that the state court has found that the trustees' basic reason for making this investment was under the advice of an individual who had been a long-time investment advisor to their late father. The debtor-defendant cites in that regard a decision in the Arizona Court of Appeals in *Kadish v. PHX–Scotts. Sports Co.,* 11 Ariz.App. 575, 466 P.2d 794 (1970), which contains the following language:

> A defalcation clearly requires acts amounting to misconduct or reflecting bad faith, and not merely inadvertence, mistake or negligence.

*Id.* at 579, 466 P.2d 794, 798 (citations omitted).

The plaintiff responds by citing and quoting Judge Learned Hand in the case of *Central Hanover Bank & Trust Co. v. Herbst,* 93 F.2d 510 (2d Cir.1937) in which Judge Hand indicated in a bankruptcy context that defalcation could include innocent mistakes:

> Colloquially perhaps the word, 'defalcation', ordinarily implies some moral dereliction, but in this context it may have included innocent defaults, so as to include all fiduciaries who for any reason were short in their accounts.

\*    \*    \*    \*    \*    \*

[W]hen a fiduciary takes money upon a conditional authority which may be revoked and knows at the time that it may, he is guilty of a 'defalcation' though it may not be a 'fraud', or an 'embezzlement', or perhaps not even a 'misappropriation'.

*Id.* at 511–512. This Court itself relied on Judge Hand's interpretation in its decision in *Reeves. In re Reeves,* 124 B.R. 5, 8 (Bankr. D.N.H.1990).

Aside from my own *Reeves* decision the majority of bankruptcy decisions on the point have refused to require some misconduct or bad faith or fraud activity as an element of "defalcation" for purposes of 11 U.S.C. § 523(a)(4). *See Martino v. Brown,* 34 B.R. 116 (D.N.M.1983); *American Ins. Co. v. Lucas,* 41 B.R. 923 (D.Pa.1984); *In re Matheson,* 10 B.R. 652 (Bankr.D.Ala.1981); *In re Anderson,* 64 B.R. 331 (Bankr.N.D.Ill.1986). Other courts have recognized that misconduct may be a factor but even the slightest misconduct not incorporating usual notions of bad faith activity would be sufficient. *See In re Mullin,* 91 B.R. 175 (Bankr.S.D.Fla.1988); *In re Failing,* 124 B.R. 340 (W.D.Okla.1989).

██ My view is that even if misconduct is defined as an element of defalcation, it can be equated with a failure to observe clear and specific restrictions and limitations upon the fiduciary in either the trust document or the applicable statutory law and does not require as an element therefore some sort of bad faith on the part of the fiduciary. Here, from the record before me, there does not appear to be any bad faith in a subjective sense in the minds of these fiduciaries, but there does appear to be misconduct in the sense of trustees undertaking obligations under specific restrictions and limitations and exceeding those limitations and also failing to report that fact until the investment went bad and the funds of the estate were lost.

Therefore I will conclude that plaintiff's Motion for Summary Judgment is well taken and will be granted in favor of the plaintiff for the reasons indicated.

With regard to the Arizona case cited by the defendant, I note that it is a state court decision that does not involve the Bankruptcy Code and therefore that court was not presented with the problem of construing a statute which has a fraud count under § 523(a)(2) so that it would not construe § 523(a)(4) as involving essentially the same ground. Obviously Congress would not have intended to have the same ground under two subsections and therefore in my judgment § 523(a)(4) must be construed to have a lesser intent factor and certainly not a fraud factor since a fiduciary is involved and Congress has dealt with that separately. If Congress wanted to hold fiduciaries to fraudulent misconduct, it could have obviously allowed them to be heard under § 523(a)(2)(A) and not enacted a separate provision for § 523(a)(4).

I also note that when Arizona law was presented in the bankruptcy context, the Bankruptcy Appellate Panel of the Ninth Circuit in the case of *In re Baird,* 114 B.R. 198 (9th Cir. BAP 1990) has essentially defined defalcation in the same manner as I have done in the *Reeves* case as a failure of a party to account for money or property that has been entrusted to them, and held that defalcation includes innocent as well as intentional or negligent default so as to reach conduct of all fiduciaries who are short in their accounts. I believe the difference in those two decisions involving Arizona law is accounted for by the context of construing the word "defalcation" in section 523(a)(4) of the Bankruptcy Code as contrasted with construing it in another context.

Plaintiff Peerless Insurance Company's Motion for Summary Judgment (ADV. Court Doc. No. 7) is granted; defendant David E. Misiaszek's Motion for Summary Judgment (ADV. Court Doc. No. 9) is denied.

DONE and ORDERED.