**In re Donna Sherrell SWANSON, Debtor.**

**Peerless Insurance, Plaintiff,**

**v.**

**Donna Sherrell Swanson, Defendant.**

**Bankruptcy No. 98–12668–MWV.**
**Adversary No. 98–1131–MWV.**

United States Bankruptcy Court,
D. New Hampshire.

March 4, 1999.

---

Geraldine Karonis, Assistant U.S. Trustee, Manchester, NH, for United States Trustee, J. Christopher Marshall.

Eleanor W. Dahar, Victor W. Dahar, P.A., Manchester, NH, for Defendant.

Steven M. Notinger, Donchess & Notinger, Nashua, NH, trustee.

Daniel C. Proctor, Concord, NH, for Plaintiff.

### *MEMORANDUM OPINION*

MARK W. VAUGHN, Chief Judge.

The Court has before it a motion for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure, made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, filed by Peerless Insurance ("Plaintiff") against the Debtor/Defendant Donna Sherrell Swanson ("Defendant"). Plaintiff seeks an order excepting from discharge a $65,000 debt owed by the Defendant to the Plaintiff pursuant to section 523(a)(2), (a)(4) and (a)(6) of the Bankruptcy Code. For the reasons set forth below, the Plaintiff's motion for summary judgment is granted under section 523(a)(4).

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

### FACTS

On March 28, 1990, the Defendant was appointed guardian of the Estate of Melissa Sue Swanson by Order of the Hillsborough County Probate Court ("Probate Court"). (*See* Pl.'s Ex. A.) The Plaintiff then posted a fiduciary bond for the Defendant as guardian. (*See* Mars Aff.) On January 24, 1996, the Probate Court issued a Decree whereby the Defendant was found to have violated her fiduciary duty to the court and her ward by failing to account for assets in the amount of $65,000, and ordered per that Decree to reimburse the Guardianship. (*See* Pl.'s Ex. A.) The Plaintiff, in satisfaction of the fiduciary bond posted for the Defendant, paid $65,000 to the Guardianship of Melissa Sue Swanson on December 12, 1995. (*See* Pl.'s Ex. B.) On January 23, 1996, the Defendant signed a Promissory Note agreeing to repay the Plaintiff at a rate of $400 per month. (*See* Pl.'s Ex. C.) Upon breach of the repayment schedule, the Plaintiff filed suit in the Hillsborough County Superior Court and the Defendant was found in default. (*See* Mars Aff.) The Defendant then filed a petition for Chapter 7 relief in this Court. The Plaintiff subsequently filed the motion for summary judgment, alleging violations of section 523(a)(2), (a)(4) and (a)(6) and seeking an order excepting from discharge the $65,000 debt owed by the Defendant.

### DISCUSSION

Pursuant to Federal Rule of Civil Procedure 56(c), made applicable to these proceedings by Federal Rule of Bankruptcy Procedure 7056, the Court shall render summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c) (1997). "Genuine," in the context of Rule 56(c), means that "the evidence is such that a reasonable jury could resolve the point in favor of the nonmoving party...." *Rodriguez–Pinto v. Tirado–Delgado*, 982 F.2d 34, 36 (1st Cir.1993) (internal quotation marks and citations omitted). "Material," in the context of Rule 56(c), means that the fact has "the potential to affect the outcome of the suit under applicable law." *Nereida–Gonzalez v. Tirado–Delgado*, 990 F.2d 701, 703 (1st Cir.1993). Courts faced with a motion for summary

judgment should read the record "in the light most flattering to the nonmovant and indulg[e] all reasonable inferences in that party's favor." *Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994). Thus, in order to grant the Plaintiff's summary judgment motion, this Court "must examine all facts established by the record before it and conclude that, under the applicable substantive law, no reasonable factfinder could possibly return a verdict in favor of the nonmoving party." *Boyd v. Dock's Corner Assocs.*, 135 B.R. 46, 53 (Bankr. W.D.Mich.1991).

The doctrine of collateral estoppel serves to prevent a re-litigation of issues actually litigated and decided on the merits. As stated by the Court of Appeals for the First Circuit, the general rule on "'issue preclusion' is as follows: When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim." *Hoult v. Hoult*, 157 F.3d 29 (1st Cir.1998) (*citing* RE-STATEMENT (SECOND) JUDGEMENTS § 27 (1982)). Further, "[a]n issue may be 'actually' decided [for collateral estoppel purposes] even if it is not explicitly decided, for it may have constituted, logically or practically, a necessary component of the decision reached." *Id.* (*citing Dennis v. Rhode Island Hosp. Trust Nat'l Bank*, 744 F.2d 893, 899 (1st Cir.1984)).

I.   *Section 523(a)(4).*

The Plaintiff alleges that the $65,000 debt should be excepted from the Defendant's discharge for violation of section 523(a)(4) of the Bankruptcy Code. Pursuant to section 523(a)(4), the Plaintiff, to prevail, must prove by a preponderance of the evidence, *Office of Public Guardian v. Messineo (In re Messineo)*, 192 B.R. 597, 599 (Bankr. D.N.H.1996), that the Defendant committed "fraud or defalcation while acting in a fiduciary capacity, [or committed] embezzlement, or larceny." 11 U.S.C. § 523(a)(4) (1988 & Supp.1998).

First, it is clear that the Defendant was a fiduciary pursuant to section 523(a)(4). The Defendant was appointed Guardian of the Estate of Melissa Sue Swanson by order of the Hillsborough County Probate Court dated March 28, 1990, as indicated by that court's Decree dated January 24, 1996. (*See* Pl.'s Ex. A) The law is clear in this jurisdiction that "technical trusts, not implied trusts, are those that lead to a nondischargeable debt." *Office of Public Guardian*, 192 B.R. at 599 (*citing BAMCO 18 v. Reeves (In re Reeves)*, 124 B.R. 5, 7 (Bankr.D.N.H.1990) ("*Reeves*")). "[S]ection 523(a)(4) is aimed only at the express trust situation in which the Defendant either expressly signified his intention or was clearly put on notice that he was undertaking the special responsibilities of a trustee to account for his actions." *Office of Public Guardian*, 192 B.R. at 600 (citations omitted). The term "fiduciary" as used in section 523(a)(4) "is limited to the class of fiduciaries including trustees of specific written declarations of trust, *guardians*, administrators, executors, or public officers...." *Reeves*, 124 B.R. at 9 (emphasis added) (*citing Sager v. Lewis (In re Lewis)*, 94 B.R. 406, 410 (Bankr.E.D.Va.1988)). The Probate Court Decree recognizing the Defendant as the court appointed Guardian of Melissa Sue Swanson is sufficient to establish an express trust relationship. (*See* Pl.'s Ex. A.) Thus, the Defendant is a "fiduciary" for the purposes of section 523(a)(4). *See Office of Public Guardian*, 192 B.R. at 599 ("The term fiduciary in the Bankruptcy Code is narrower than the word as used under state law.") (internal citations and quotations omitted).

A debt incurred while acting in a fiduciary capacity is only excepted from discharge if the debt is the result of fraud or defalcation. Defalcation is defined as "a failure to observe clear and specific restrictions and limitation upon the fiduciary in either the trust document or the applicable statutory law and does not require as an element therefore some sort of bad faith on the part of the fiduciary.... [Defalcation also] includes innocent as well as intentional or negligent default so as to reach the conduct of all fiduciaries who are short in their accounts." *Peerless Ins. Co. v. Misiaszek (In re Misiaszek)*, 162 B.R. 80, 82 (Bankr.D.N.H.1993);

*Ducey v. Doherty (In re Ducey)*, 160 B.R. 465, 468 (Bankr.D.N.H.1993) ("In short, 'innocent' conduct can constitute defalcation."). In order for this Court to find a defalcation, the Plaintiff must "simply prov[e] that a fiduciary failed to return property or account for same, even though no fraud, embezzlement, or even misappropriation on the part of the fiduciary is shown." *In re Reeves*, 124 B.R. at 6 (internal citations omitted). The Plaintiff easily disposes of this requirement by providing the Court with a copy of the Probate Court Decree stating as much. (*See* Pl.'s Ex. A.)

■ The fact that Defendant's debt is embodied in an otherwise unsecured promissory note does not affect this Court's decision to except the debt from discharge. "Public policy does not allow a settlement agreement to silently transform an otherwise nondischargeable obligation into a dischargeable debt." *Roy v. United States of America (In re Roy)*, 189 B.R. 245, 248 (Bankr.D.N.H. 1995) (debtor may not silently transform a nondischargeable HEAL loan into a dischargeable debt by entering into a settlement agreement).

There is no genuine issue as to whether the Defendant was in fact a "fiduciary" for purposes of section 523(a)(4). In this respect, this case is similar to *Peerless Ins. Co.*, 162 B.R. 80 ("As a co-trustee for the decedent's estate, debtor clearly was a fiduciary responsible to act in accordance with the documents in question and applicable state law."), and *Office of Public Guardian*, 192 B.R. at 600 ("As co-guardian [the Defendant's] rights, duties, and powers were set forth in the ... Decree of the Probate Court. The Defendant was clearly on notice of his fiduciary capacity ..."). As the court appointed guardian of Melissa Sue Swanson, the Defendant was presumptively on notice of her fiduciary duties to the Probate Court and to her ward.

■ Further, no doubt surrounds the certainty of the Defendant's defalcation. The principle of collateral estoppel applies in bankruptcy courts to bar re-litigation of factual or legal issues that were determined in a prior state court action. *Grogan v. Garner*, 498 U.S. 279, 284 n. 11, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). As mentioned above, the Hillsborough Probate Court Decree specifically states that the Defendant failed to account for funds of the ward in the amount of $65,000. (*See* Pl.'s Ex. A.) The Plaintiff, in satisfaction of the fiduciary bond posted for the Defendant, reimbursed the Guardianship in that amount. (*See* Pl.'s Ex. B.) Because this debt was incurred as the result of the Defendant's defalcation while acting in a fiduciary capacity, the $65,000 owed by the Defendant to the Plaintiff is excepted from discharge under section 523(a)(4). Whereas Plaintiff's motion for summary judgment is granted under section 523(a)(4), no further discussion of section 523(a)(2) and (a)(6) is necessary.

Therefore, for the aforementioned reasons, the Plaintiff's motion for summary judgment is granted. This opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.